113 S.W.3d 363 (2003)
In the Interest of A.F., J.N.V., and J.V., Minor Children.
No. 02-1167.
Supreme Court of Texas.
July 3, 2003.
*364 Duke Elton Hooten, C. Ed Davis, Phoebe Ellis Knauer, Cathy Ann Morris, Austin, Sarah Regina Guidry, Houston, Texas Dept. of Protective & Regulatory Services, for petitioner.
Whitney Thompson Smith, Madisonville, David S. Barron, Law Office of David S. Barron, Bryan, William H. Howell, Midway, Frank Blazek, Smither, Martin, Henderson & Blazek, P.C., Huntsville, for respondents.

Opinion
PER CURIAM.
The Texas Department of Protective and Regulatory Services brought this suit to terminate the parental rights of Annette Vaughn and Jack Norman Vaughn, Jr. to their three children. The case went to trial before a jury. The charge instructed the jury that the parent-child relationship could be terminated if it was proven by clear and convincing evidence that (1) at least one of two asserted grounds for termination occurred, and (2) termination would be in the best interest of the children. In a series of six questions, the jury was asked whether the parent-child relationship between each parent and each child should be terminated. There was no objection to the form of the charge. In separate appeals, the Vaughns each raised charge error for the first time. Specifically, they argued that the broad-form submission to the jury of alternate theories of termination violated a constitutional right to have ten jurors agree on each predicate ground of termination.
A divided court of appeals reversed the trial court judgment and remanded. 91 S.W.3d 410, 413. Relying on its opinion in In re B.L.D., 56 S.W.3d 203 (Tex.App.-Waco 2001, pet. granted), the court held that the jury charge "must assure the concurrence of ten or more jurors that at least one ground for termination exists as to each child and that termination is in the best interest of the child...." 91 S.W.3d at 412.
Today, in In re B.L.D. 113 S.W.3d 340, 2003 WL 21512622 (Tex.2003), we hold that our preservation law does not permit, and due process does not require, a court of appeals to review an unpreserved complaint of charge error in parental rights termination cases. Because the Vaughns did not object in the trial court to the charge error of which they complain on appeal, B.L.D. controls. We hold that the court of appeals erred in reviewing the unpreserved complaint regarding the broad-form submission of the jury verdict.
The Vaughns each raised several issues, including legal and factual sufficiency challenges to the evidence supporting the verdict. The Vaughns preserved these challenges by including them in motions for new trial. Tex.R. Civ. P. 324(b)(2). With respect to the standard of review on a legal sufficiency challenge, we direct the court of appeals' attention to our decision in In re J.F.C., 96 S.W.3d 256 (Tex.2002). Accordingly, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment, and remand *365 to that court for further proceedings consistent with this opinion. Tex.R.App. P. 59.1.