**In the Interest of S.A.S. and M.I.S.**

**No. 09–05–451 CV.**

Court of Appeals of Texas, Beaumont.

Submitted June 8, 2006.

Decided Aug. 24, 2006.

 

Stephanie J. Hall, The Woodlands, for appellant.

David K. Walker, County Atty., Suzanne Laechelin, Asst. County Atty., Conroe, J., for appellees.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

We must decide two issues in this parental-rights termination case. We must determine whether the jury instruction included an unconstitutional ground among several grounds used to terminate the mother's parental rights and whether the mother was denied the effective assistance of counsel. We overrule both issues raised by the mother and affirm the trial court.

## I. BACKGROUND

Angela Ann Schiveley, Appellant, and her husband, Fred William Schiveley, are the parents of S.A.S. and M.I.S., the children who are the subject of this suit. After receipt and investigation of a complaint from one of the children, the Texas Department of Family and Protective Services (the "Department") immediately removed the children from Angela and Fred on March 30, 2004. The trial court subsequently approved the Department's emergency removal. On April 8, 2004, the trial court entered a temporary order following an adversary hearing, in which the court appointed separate counsel for both Angela and Fred. On June 7, 2004, following a status hearing, the trial court approved the Family Service Plan proposed by the Department and ordered that Angela and Fred comply with the service plan. Several permanency hearings occurred over the next several months. During this period,

Angela never complained of the requirements set forth in the plan.

The trial terminating Angela's and Fred's parental rights occurred in August of 2005. After each side presented its case, the trial court instructed the jury that it could terminate Angela's parental rights, if, by clear and convincing evidence, she engaged in at least one activity described in subsections (D), (E), (O), or (P) of Section 161.001(1) of the Texas Family Code, and the termination was in the best interest of the child. *See* Tex. Fam.Code Ann. §§ 161.001(1)(D), (E), (O), (P), 161.001(2) (Vernon Supp.2005). Angela did not object to the form of the charge. The jury returned its verdict on August 25, 2005, terminating Angela's and Fred's parental rights with respect to both S.A.S. and M.I.S. On September 19, 2005, the trial court entered its judgment.

Angela timely filed her first motion for new trial. The trial court denied her motion on October 5, 2005. Shortly thereafter, Angela filed her notice of appeal and first amended motion for new trial. On October 18, 2005, the trial court denied Angela's amended motion for new trial. No transcript of the hearing on the amended motion for new trial appears in the record despite a hearing date, time, and place provided in the notice of hearing attached to the amended motion for new trial. On that same date, the trial court also approved Angela's motion for substitution of counsel. No transcript of this hearing appears in the record.

Angela now brings this appeal complaining of two issues. First, Angela asserts the trial court erred in instructing the jury that it could consider violations of the family service plan, Section 161.001(1)(O) of the Texas Family Code, as grounds for terminating her parental rights. Second, Angela asserts that due to the ineffectiveness of her attorney, she failed to preserve error.

## II. CONSTITUTIONAL CHALLENGE

Angela complains that section 161.001(1)(O) of the Texas Family Code is unconstitutional and its inclusion as a ground for termination caused her harm. Moreover, she asserts that she is prevented from demonstrating the harm because the jury charge included her failure to comply with the terms of the service plan as one of several other potential grounds upon which the jury could terminate her parental rights.

■ We give careful consideration when reviewing cases involving the termination of the parent-child relationship due to the fundamental constitutional rights involved. The Texas Supreme Court describes the relationship between a parent and child as a constitutionally protected natural right "far more precious than property rights." *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985). Thus, we strictly construe involuntary termination statutes in favor of the parent. *See id.* Nevertheless, the constitutional dimension of the parent-child relationship does not override all procedural restrictions. *See In re B.L.D.,* 113 S.W.3d 340, 354 (Tex.2003).

■ Generally, a party must make an objection to a proposed jury charge at trial to avoid waiving complaints about the charge. Tex.R. Civ. P. 274; Tex.R.App. P. 33.1(a)(1). Absent a recognized exception, even a constitutional complaint is waived if not properly preserved in the trial court. *See B.L.D.,* 113 S.W.3d at 350; *see also In re A.F.,* 113 S.W.3d 363, 364 (Tex.2003). Angela did not object to the jury charge at trial but now complains of the constitutionality of section 161.001(1)(O) of the Texas Family Code as a ground for termination. To avoid waiver, Angela asserts that this provision of the statute is facially unconsti-

tutional, and in the alternative, that we should review the constitutionality of this provision under the Fourteenth Amendment for procedural due process or under the fundamental-error doctrine. We review the facial challenge and other procedural preservation rules separately below.

### A. Facial Challenge

■ As stated above, as a general rule, we will not review unpreserved error; even one containing constitutional challenges. *See B.L.D.,* 113 S.W.3d at 350. Even if a facial challenge is an exception to the general rule regarding error preservation, a matter that is currently arguable, Angela's argument that the statute is facially invalid is not persuasive. *See In re Commitment of Fisher,* 164 S.W.3d 637, 654 (Tex.2005). However, when addressing whether a statute is facially unconstitutional, it is important to note, that "[a] facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State,* 836 S.W.2d 631, 633 (Tex.Crim.App. 1992) (citing *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)); *see also Wilson v. Andrews,* 10 S.W.3d 663, 670 (Tex.1999). Thus, a challenger must establish that the statute always operates unconstitutionally. That a statute could be unconstitutional " 'under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an "overbreadth" doctrine outside the limited context of the First Amendment.' " *B.S.W.,* 87 S.W.3d at 771 (quoting *Salerno,* 481 U.S. at 745, 107 S.Ct. 2095).

■ A court presumes a statute's validity when examining its constitutionality. *See Walker v. Gutierrez,* 111 S.W.3d 56, 66 (Tex.2003); *General Services Comm'n v. Little-Tex Insulation Co., Inc.,* 39

S.W.3d 591, 598 (Tex.2001). The party challenging the statute has the burden to establish the statute is unconstitutional. *See Walker,* 111 S.W.3d at 66; *Little-Tex,* 39 S.W.3d at 598. When possible, we are to uphold the statute and "interpret legislative enactments in a manner to avoid constitutional infirmities." *Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 629 (Tex. 1996); *see also Little-Tex,* 39 S.W.3d at 598.

■ Angela fails to demonstrate that under no set of circumstances could this section of the Texas Family Code be valid. Her assertion that the Department is granted a "legislative" power because it can establish impossible tasks that she must complete before the return of her children is unfounded. If reasonable standards to guide the agency are in place, the legislature's delegation of power to various agencies to enforce and apply law is both necessary and proper. *See Texas Workers' Comp. Comm'n v. Patient Advocates of Texas,* 136 S.W.3d 643, 654 (Tex.2004); *Texas Boll Weevil Eradication Found., Inc., v. Lewellen,* 952 S.W.2d 454, 466 (Tex. 1997). The Texas Family Code requires review of the Department's service plans by the court in a status hearing within time periods prescribed in the statute. Tex. Fam.Code Ann. § 263.201(a) (Vernon Supp.2005). In its review, the court shall review the plan for "reasonableness, accuracy, and compliance." Tex. Fam.Code Ann. § 263.202(b) (Vernon Supp.2005).

Thus, Angela's suggestion that the Department "could require the offending parent to complete impossible tasks" is insufficient to demonstrate that the statute always operates unconstitutionally. *See B.S.W.,* 87 S.W.3d at 771. Therefore, we reject Angela's argument that section

161.001(1)(O) of the Texas Family Code is facially unconstitutional.

### B. Exceptions to Procedural Preservation Rules

 Despite her failure to object to the charge, Angela requests that we review the constitutionality of the trial court's inclusion of her violation of the Family Service Plan as a ground for termination of her parental rights. Generally, a reviewing court only determines constitutional questions when the court cannot resolve the issues on nonconstitutional grounds. *See B.L.D.,* 113 S.W.3d at 349.

The Texas Supreme Court, when faced with a similar issue concerning whether to review a jury charge in a parental-rights termination case despite the presence of error preservation problems, held that error must be preserved to save a complaint based on an allegation that a statute is unconstitutional. *See id.* Refusing to extend the fundamental-error doctrine to areas of family law, the Texas Supreme Court in *B.L.D.* ruled that the "fundamental-error doctrine does not permit appellate review of the complaint of unpreserved charge error" in parental-rights termination cases. *See id.* at 351. Accordingly, the fundamental-error exception does not operate to preserve Angela's complaint regarding the trial court's alleged charge error.

 Angela also claims that due process requires our review of her unpreserved error concerning the jury charge. However, as a general rule, "due process does not mandate that appellate courts review unpreserved complaints of charge

error in parental rights termination cases." *Id.* at 354. This conclusion is based on the factors set forth in *Mathews v. Eldridge.*[1] The Texas Supreme Court concluded that the *Eldridge* factors "do not rebut the presumption that our preservation rules comport with due process" and thus, do not require review of an unpreserved charge error. *B.L.D.,* 113 S.W.3d at 354. We hold that due process does not require that we review Angela's complaint regarding the jury charge when Angela's attorney made no objection to the charge at the trial. Accordingly, we overrule Angela's first issue.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Applicable Law

 Angela contends that because her attorney did not object to the jury charge, she was denied effective assistance of counsel. The Texas Supreme Court cautioned that under certain circumstances in a parental-rights termination case, "a different calibration of the *Eldridge* factors" could require review of a complaint not properly preserved to ensure compliance with due process. *B.L.D.,* 113 S.W.3d at 354 (following *Lassiter v. Department of Social Services,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). Specifically, the Court stated that if appointed counsel unjustifiably failed to preserve error, given certain circumstances, that failure could amount to a due process violation. *See B.L.D.,* 113 S.W.3d at 354 (citing *M.S.,* 115 S.W.3d at 534).

Despite Angela's counsel's not preserving the charge error at trial, we address

---

1. In *Eldridge,* the United States Supreme Court considered the following factors in determining constitutional due process: (1) the private interest affected by the proceeding or official action; (2) the countervailing governmental interest supporting use of the chal-

lenged proceeding; and (3) the risk of an erroneous deprivation of that interest due to the procedures used. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

the issue of whether counsel's failure to object to the ground's inclusion in the charge amounted to the ineffective assistance of counsel. We find that counsel's failure to object to the jury charge did not constitute ineffective assistance of counsel for the reasons explained below.

The Texas Supreme Court has held that the statutory right to counsel in parental-rights termination cases includes the right to effective counsel. *In re M.S.,* 115 S.W.3d 534, 544 (Tex.2003); *see also* Tex. Fam.Code Ann. § 107.013(a)(1) (Vernon Supp.2005). In evaluating the effectiveness of counsel in parental-rights termination cases, the Texas Supreme Court adopted the *Strickland* test that sets standards for effective assistance in criminal cases. *See M.S.,* 115 S.W.3d at 545 (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Under *Strickland,* to prevail on a claim of ineffective assistance of counsel, an appellant must show that trial counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that, but for trial counsel's errors, the result would have been different. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. Under *Strickland,* the appellant must successfully show both prongs of the inquiry to establish an ineffective assistance of counsel claim. *See M.S.,* 115 S.W.3d at 545.

To decide whether Angela's trial attorney's performance was deficient, "we must take into account all of the circumstances surrounding the case, and must primarily focus on whether counsel performed in a 'reasonably effective' manner." *Id.* (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052). In doing so, we must indulge in the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See M.S.,* 115 S.W.3d at 545; *see also Strickland,* 466

U.S. at 689, 104 S.Ct. 2052. Challenged conduct constitutes ineffective assistance only when the conduct is so outrageous that no competent attorney would have engaged in it. *See M.S.,* 115 S.W.3d at 545; *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001); *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

To satisfy the second prong of the *Strickland* standard, we must determine whether counsel's allegedly defective assistance caused harm. *See M.S.,* 115 S.W.3d at 549–50. The test to apply is whether " 'there is a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different.' " *Id.* (quoting *Garcia,* 57 S.W.3d at 440).

### B. Analysis

Angela fails to satisfy the first *Strickland* prong; she does not show that her trial attorney's performance was deficient. Specifically, no Texas court has held section 161.001(1)(O) of the Texas Family Code to be unconstitutional. Angela bears the burden of proving the statute is unconstitutional as applied to her. *See Walker,* 111 S.W.3d at 66 (The challenging party has the burden of demonstrating a statute's unconstitutionality.). Angela does not mention which requirement, if any, as set forth in her service plan, is unreasonable or impossible for her to satisfy. Some examples of the requirements in Angela's service plan include her agreement to: submit to a drug assessment and random urinalysis, actively participate in, and successfully complete parental classes, and maintain a safe home environment that is free of environmental hazards. These requirements, and the others in the plan, are not unreasonable or impossible. Moreover, Angela had opportunities to object to the terms of the plan, but did not, and the trial court reviewed the service plan as required by statute and found it

reasonable. *See* Tex. Fam.Code Ann. § 263.201(a).

Angela provides absolutely no evidence that the service plan is unconstitutional as applied to her. Other than generally complaining that judges could create service plans with impossible requirements, Angela does not point us to any specific provision of her service plan with which she could not have complied. The evidence at the trial demonstrated that Angela violated some of the service plan's terms. We find that it is not ineffective assistance for an attorney to fail or refuse to make objections to a charge that have no arguable basis. On appeal, Angela fails to establish that she received ineffective assistance of counsel. As such, we need not address harm under the second prong of the *Strickland* test. *See M.S.*, 115 S.W.3d at 545. We overrule Angela's complaint regarding ineffective assistance of counsel and therefore, affirm the judgment of the trial court.

AFFIRMED.