In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-293 CV


____________________



IN THE INTEREST OF B.S., D.R.S., AND P.W.S.






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 05-04-03887-CV






 MEMORANDUM OPINION 


 This is an accelerated appeal of an involuntary termination of parental rights. 
Appellant Lisa Montiene Shealy asserts that she received ineffective assistance of counsel
at trial. Lisa also challenges the constitutionality of Section 263.405(i) of the Texas Family
Code, which operates to waive appellate review of issues not presented to the trial court. We
overrule both issues and affirm the trial court's judgment.

Background

 Lisa, and her husband, Harold Shealy, are the parents of B.S., D.R.S., and P.W.S. 
After investigating allegations of child neglect and Lisa's alleged violations of probation
conditions, the Texas Department of Family and Protective Services (the "Department")
removed the children from the parents and placed them in its care. The Department
subsequently placed the children with their paternal aunt and uncle in Salem, Indiana. When
the Department took over the children's care, and at the time of trial, Lisa and Harold were
separated. 

 Separate attorneys represented Lisa and Harold. Harold elected a bench trial and Lisa
chose a jury trial. The trial court allowed Harold's attorney to fully participate during all
phases of the trial. After the parties rested, the trial court instructed the jury that it could
terminate Lisa's parental rights, if, by clear and convincing evidence, it found she engaged
in at least one activity described in subsections (D), (E), (N), or (O) of section 161.001(1) of
the Texas Family Code, and if it found that terminating the parent-child relationship was in
the best interest of the children. See Tex. Fam. Code Ann. §§ 161.001(1)(D), (E), (N), (O),
161.001(2) (Vernon Supp. 2006). Lisa did not object to the form of the charge. 

 The jury voted to terminate Lisa's parental rights to all three children. Subsequent to
the jury's verdict, Harold executed an affidavit voluntarily relinquishing his parental rights
to the Department. Based on the jury verdict and Harold's affidavit, the trial court entered
its judgment terminating Harold's and Lisa's parental rights to the children. 

 Lisa filed a notice of appeal. Her trial counsel requested the court's permission to
withdraw, and the court appointed another attorney to represent Lisa. Lisa, through her new
attorney, filed a motion for new trial. Her motion included a list of her points of appeal. On
July 20, 2006, the trial court denied Lisa's motion for new trial. No transcript of the hearing
appears in the record. 

Ineffective Assistance of Counsel

 In four issues, Lisa contends she received ineffective assistance at trial from her
attorney. The Department contends that we may not consider two of Lisa's issues because
they were not presented to the trial court in her statement of points or in her motion for new
trial as required by section 263.405(i) of the Texas Family Code. Section 263.405(i) dictates
that appellate courts:

 may not consider any issue that was not specifically presented to
the trial court in a timely filed statement of the points on which
the party intends to appeal or in a statement combined with a
motion for new trial. For purposes of this subsection, a claim
that a judicial decision is contrary to the evidence or that the
evidence is factually or legally insufficient is not sufficiently
specific to preserve an issue for appeal.


Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2006) (emphasis added). 

 Lisa raises two issues on appeal that she did not raise with the court below. First, Lisa
asserts here but did not complain to the trial court that her trial attorney failed to object to
hearsay testimony contained in one of the Department's exhibits. Second, Lisa contends here
but did not complain to the trial court that her attorney failed to object to hearsay testimony
addressing the children's best interests. Because Lisa did not preserve these two issues as
required by statute, we may not review them. See Tex. Fam. Code Ann. § 263.405(i); In re
D.A.R., 201 S.W.3d 229, 231 (Tex. App.-Fort Worth 2006, no pet.) (finding that appellant's
ineffective assistance of counsel claim could not be reviewed because it was not included in
her statement of points or motion for new trial); see also In re J.F.R., 2007 WL 685640, *2
(Tex. App.-Beaumont, Mar. 8, 2007, no pet. h.) (finding that appellants' ineffective
assistance of counsel issue could not be considered because it was not contained within their
statement of points). 

 Also included among Lisa's ineffective assistance claims on appeal, are two specific
issues that she did present to the trial court in her points of appeal. First, Lisa complained
that her attorney failed to request that the court sever the Department's case against her from
the Department's case against her husband. Second, Lisa contended that her counsel was
ineffective because she failed to object to the jury charge. As these two issues were
presented to the trial court, we have authority to review them.Applicable Law

 The statutory right to counsel in parental-rights termination cases includes the right
to effective counsel. In re M.S., 115 S.W.3d 534, 544 (Tex. 2003); see also Tex. Fam. Code
Ann. § 107.013(a)(1) (Vernon Supp. 2006). In evaluating the effectiveness of counsel in
parental-rights termination cases, the Texas Supreme Court adopted the Strickland test that
established effective assistance standards in criminal cases. See M.S., 115 S.W.3d at 545
(citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

 Under Strickland, to prevail on a claim of ineffective assistance of counsel, an
appellant must show that trial counsel's performance fell below an objective standard of
reasonableness, and that a reasonable probability exists that, but for trial counsel's errors, the
result would have been different. See Strickland, 466 U.S. at 687-88, 694. The appellant
must successfully satisfy both prongs of the test. See M.S., 115 S.W.3d at 545.

 To determine if trial counsel's performance was deficient, "we must take into account
all of the circumstances surrounding the case, and must primarily focus on whether counsel
performed in a 'reasonably effective' manner." Id. (quoting Strickland, 466 U.S. at 687). 
We must indulge in the strong presumption that counsel's conduct fell within the wide range
of reasonable professional assistance. M.S., 115 S.W.3d at 545; see also Strickland, 466 U.S.
at 689. Challenged conduct constitutes ineffective assistance only when the conduct is so
outrageous that no competent attorney would have engaged in it. M.S., 115 S.W.3d at 545;
In re S.A.S., 200 S.W.3d 823, 829 (Tex. App.-Beaumont 2006, pet. denied).

 To satisfy the second prong of the test, an appellant must show that trial counsel's
ineffective assistance caused her harm. See M.S., 115 S.W.3d at 549-50. The test is whether
"there is a reasonable probability that, but for counsel's unprofessional error(s), the result of
the proceeding would have been different." Id. (quoting Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001)); S.A.S., 200 S.W.3d at 829.

Analysis

 In her first ineffective assistance issue, Lisa asserts that her counsel was ineffective
because she did not request the trial court to sever the Department's case against Lisa from
its case against Harold. Specifically, Lisa complains that although Harold elected a bench
trial, his counsel fully participated in the trial and was allowed to participate in jury selection:
the trial court gave him peremptory strikes. (1) Lisa additionally argues that Harold's sole
purpose for remaining in the case was "to assure that [Lisa's] rights were terminated." 
Because Harold's interests were adverse to hers, Lisa concludes that her trial attorney's
failure to obtain a severance harmed her case. 

 Trial courts have considerable discretion in determining whether to order separate
trials or to sever claims. See Tex. R. Civ. P. 174(b); Tex. R. Civ. P. 41; Liberty Nat'l Fire
Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996). A mere request for severance or a
separate trial does not automatically create a right to a separate trial. When reviewing a trial
court's decision regarding a request for severance or a separate trial, appellate courts
generally consider whether (1) the controversy involves more than one cause of action, (2) 
the claims could be asserted independently in separate lawsuits, and (3) the causes are so
interwoven with each other that they involve the same facts and issues. See Guaranty Fed.
Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990). Here, there was
considerable overlap in the relevant facts and issues in the Department's case against Lisa
and its case against Harold. Had a severance been requested, the trial court could have
rejected the request. 

 Moreover, Strickland's "record" requirement also applies to ineffective-assistance
claims in termination cases: "An allegation of ineffective assistance must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." 
In re T.N.F., 205 S.W.3d 625, 635 (Tex. App.-Waco 2006, pet. denied) (quoting In re S.R.C.,
2003 Tex. App. LEXIS 10624, 2003 WL 22966325 at *2 (Tex. App.-Fort Worth Dec. 18,
2003, no pet.) (mem. op.); In re J.W., 113 S.W.3d 605, 616 (Tex. App.-Dallas 2003, pet.
denied).

 On the record before us, trial counsel's strategy in deciding not to request a severance
or a separate trial is not apparent. Because the record regarding that decision is undeveloped,
we cannot conclude that Lisa's attorney was ineffective because she did not request a
severance. Therefore, we overrule Lisa's issue.

 Lisa also complains here, as she did in the trial court, that her trial counsel did not
object to the jury charge. Specifically, Lisa contends that there was "no evidence or
insufficient evidence that [Lisa] had not regularly visited or maintained significant contact
with her children." Therefore, Lisa asserts that her attorney should have objected to the jury
charge that allowed the jury to consider whether she maintained significant contact with the
children. See Tex. Fam. Code. Ann. § 161.001(1)(N). Lisa contends that because her trial
attorney did not object to the jury charge, she cannot properly present her case on appeal. 
 We disagree with Lisa's claim that no evidence supports the trial court's submission
of an issue concerning the degree to which Lisa visited or maintained contact with her
children. The record contains testimony that Lisa missed scheduled family visits, including
the first and last visits. The record also contains testimony from the children's therapist that
Lisa missed a family visit. Moreover, the evidence in the record showed that Lisa's contacts
with the children after their removal were intermittent. As a result of Lisa's inappropriate
interaction with the children during scheduled visitations, the Department terminated future
visitations. Lisa did not challenge this determination: she did not contact the Department or
attend subsequent court proceedings. The evidence in the record contains some evidence that
Lisa did not regularly visit or maintain significant contact with her children. The record does
not support Lisa's claim that there was no evidence to support the jury charge on this aspect
of the Department's termination case. See Tex. R. Civ. P. 278.

 With respect to the two ineffective assistance issues that Lisa perfected for appellate
review, the record does not show that her trial counsel rendered ineffective assistance. When
the record does not support a claim of ineffective assistance, we are not required to address
harm under the second prong of the Strickland test. See M.S., 115 S.W.3d at 545. As Lisa's
other complaints regarding her trial counsel's performance were not presented to the trial
court, they are not subject to our review. Accordingly, we overrule Lisa's complaints
regarding ineffective assistance of counsel.

Constitutional Challenge

 Lisa complains that section 263.405(i) of the Texas Family Code is unconstitutional
because it prevents her from demonstrating the consequences of error on appeal. 
Specifically, Lisa argues that the statute's operative effect--waiver of complaints not
presented in the trial court--violates her due process and equal protection rights. 

 Section 263.405(i) prohibits appellate review of any issue not specifically presented
to the trial court in an appellant's points on appeal. Tex. Fam. Code Ann. § 263.405(i). The
constitutional dimension of the parent-child relationship does not override all procedural
restrictions. See In re B.L.D., 113 S.W.3d 340, 354 (Tex. 2003); Holick v. Smith, 685 S.W.2d
18, 20 (Tex. 1985); In re S.A.S., 200 S.W.3d 823, 826 (Tex. App.-Beaumont 2006, pet.
denied). Absent a recognized exception, we generally do not review unpreserved error, even
those that contain constitutional challenges. See B.L.D., 113 S.W.3d at 350; S.A.S., 200
S.W.3d at 826-27. 

 Lisa's points of appeal and motion for new trial do not contain objections to the
constitutionality of section 263.405(i). Lisa also does not complain that the statute is facially
unconstitutional. See In re Commitment of Fisher, 164 S.W.3d 637, 654 (Tex. 2005); S.A.S.,
200 S.W.3d at 827. (2) The general rule is that "error must be preserved to save a complaint
based on an allegation that a statute is unconstitutional." S.A.S., 200 S.W.3d at 828 (citing
B.L.D., 113 S.W.3d at 349). The general rule is applicable to Lisa's challenge. Because her
constitutional challenge to section 263.405(i) was not preserved for our review, we overrule
Lisa's issue and affirm the judgment of the trial court.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on March 22, 2007

Opinion Delivered May 17, 2007

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. We do not address the propriety of the trial court's allocating jury strikes to Harold. 
During jury selection, Lisa did not object to the trial court's allocation of jury strikes; on
appeal, Lisa does not demonstrate that the result would differ had Harold not been given
strikes.
2. A facial challenge to the constitutionality of a statute is the most difficult challenge
to successfully mount because the challenger must establish that the statute always operates
unconstitutionally. S.A.S., 200 S.W.3d at 827 (citations omitted).