

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-22-00210-CV

## IN THE INTEREST OF
## T.W., J.W. AND L.W., CHILDREN

_____

**From the 82nd District Court
Falls County, Texas
Trial Court No. 40508**

---

## MEMORANDUM  OPINION ON REHEARING

---

After considering Appellants' Joint Motion for Rehearing, we deny the motion, withdraw our November 2, 2022 opinion, and substitute the following opinion in its place.  The opinion on rehearing eliminates the sentence, "Mother and Father do not appeal the trial court's judgment as it relates to T.W. and J.W."  Our analysis remains the same in all other respects.

The mother (Mother) of T.W., J.W., and L.W. and the father (Father) of J.W. and L.W. appeal the trial court's judgment awarding joint managing conservatorship of L.W. to the foster parents (the Intervenors) who intervened.[1]  We will affirm.

---

[1]      The father of T.W. is not a party to this appeal.

## Background

T.W. and J.W. were removed by the Department of Family and Protective Services (the Department) due to Mother's and Father's drug use and neglect. Mother and Father were storing drugs and drug paraphernalia in the room they shared with the children. T.W. and J.W. were placed with the Intervenors. While the case was pending, Mother gave birth to L.W., who was also removed by the Department and placed with the Intervenors.

The Department initially focused on terminating the rights of Mother and Father, but subsequently sought family reunification. After a bench trial, the Department was dismissed, and the Intervenors were granted joint managing conservatorship of all three children. Mother and Father were named joint possessory conservators and limited to an eight-hour, unsupervised visitation with the children once a month. Mother and Father then filed the present appeal.[2]

## Issues

Mother and Father present the following issues:

1)      The trial court erred in finding that Intervenors had standing as to L.W.

2)      The trial court did not have jurisdiction to render a final order.

---

[2]      All parties agree, and the trial court found, that the parents did not receive notice from the district clerk of the trial court's final order within twenty days after it was signed, that the post-judgment period began to run on April 18, 2022, and that the request for findings of fact and conclusions of law was timely filed. We therefore construe the parties' joint notice of appeal as timely filed.

Additionally, we suspend operation of the submission deadlines of Rule 39.8. *See* TEX. R. JUD. ADMIN. 6.2, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app.; TEX. R. APP. P. 2 and 39.8.

**Issue One**

Mother and Father argue that the trial court erred in determining that the Intervenors had standing because the Intervenors did not have possession of L.W. for twelve months prior to filing their original petition.

AUTHORITY

We review the issue of standing de novo. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). We construe the pleadings in favor of the petitioner and consider relevant evidence offered by the parties. *Id*. If a party fails to establish standing, the trial court must dismiss the suit. *Id*. (citing *In re C.M.C.*, 192 S.W.3d 866, 870 (Tex. App.—Texarkana 2006, no pet.)).

Standing to bring a suit affecting the parent-child relationship is governed by the family code. *See In re Keith*, 549 S.W.3d 747, 751 (Tex. App.—Waco 2017, orig. proceeding) (citing TEX. FAM. CODE ANN. §§ 102.003-.007; and *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied)).

Texas Family Code section 102.003 provides, in pertinent part:

(a) An original suit may be filed at any time by:

> (12) a person who is the foster parent of a child placed by the Department of Family and Protective Services in the person's home for at least 12 months ending not more than 90 days preceding the date of the filing of the petition;

(b) In computing the time necessary for standing under Subsections (a)(9), (11), and (12), the court may not require that the time be continuous and uninterrupted but shall consider the child's principal residence during the relevant time preceding the date of commencement of the suit.

(c) Notwithstanding the time requirements of Subsection (a)(12), a person who is the foster parent of a child may file a suit to adopt a child for whom the person is providing foster care at any time after the person has been approved to adopt the child. The standing to file suit under this subsection applies only to the adoption of a child who is eligible to be adopted.

Section 102.004 additionally provides:

(b) An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, the court may grant a grandparent or other person, subject to the requirements of Subsection (b-1) if applicable, deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this chapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

(b-1) A foster parent may only be granted leave to intervene under Subsection (b) if the foster parent would have standing to file an original suit as provided by Section 102.003(a)(12).

Rule 44.1 of the Rules of Appellate Procedure provides:

(a) Standard for Reversible Error. No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1) probably caused the rendition of an improper judgment; or

(2) probably prevented the appellant from properly presenting the case to the court of appeals.

TEX. R. APP. P. 44.1.

DISCUSSION

The Department's original petition as to L.W. was filed on February 10, 2020, four days after L.W.'s birth. The trial court consolidated L.W.'s case with that of T.W. and J.W. on February 26, 2020, and a temporary order regarding L.W. was signed the

same day. The Department was appointed temporary managing conservator for L.W., and L.W. was placed with the Intervenors, who already had custody of T.W. and J.W.

The Intervenors filed their original petition for intervention as to all three children on May 21, 2020. The petition referenced sections 102.003(a)(12) and 102.003(b) as the basis for standing. Father filed a motion to strike the petition in intervention on May 28, 2020. Mother joined in the motion at a hearing on July 14, 2020. The trial court denied the motion on the same day.

The trial court delayed proceedings in the case in an order signed September 2, 2020 pursuant to the Supreme Court's Twenty-Second Emergency Order Regarding the COVID-19 State of Disaster. The trial court extended the dismissal date from November 13, 2020 to February 2, 2021. Mother filed a motion for continuance on December 3, 2020 based on the Supreme Court's Twenty-Ninth Emergency Order and the rise in COVID-19 cases.

The Intervenors filed an amended petition in intervention on December 7, 2020, approximately ten months after L.W.'s birth. The amended petition referenced sections 102.003(a)(12) and 102.003(b) as the basis for standing.

The trial court signed another order retaining the suit on the court's docket pursuant to the Supreme Court's Twenty-Ninth Emergency Order and set the new dismissal date for May 10, 2021.

The Intervenors filed a second amended petition in intervention on March 20, 2021, approximately thirteen months after L.W.'s birth. The second amended petition

in intervention again referenced sections 102.003(a)(12) and 102.003(b) as the basis for standing.

On April 1, 2021, the Department advised the trial court that its primary permanency goal had changed to family reunification. On the same day, the trial court granted the Intervenors' oral motion for a continuance and extended the dismissal date to September 1, 2021.

On April 13, 2021, the trial court signed another order retaining the suit on the court's docket pursuant to the Supreme Court's Thirty-Sixth Emergency Order and reaffirmed the new dismissal date as September 1, 2021.

On July 22, 2021, the trial court signed another order retaining the suit on the court's docket pursuant to the Supreme Court's Thirty-Eighth Emergency Order and set the new dismissal date for October 13, 2021. The case proceeded to a bench trial on October 13, 2021. At that point, L.W. had been in the custody of the Intervenors for at least eighteen months.

We find that the Intervenors had standing as a result of the second amended petition for intervention. L.W. had been in the Intervenors' custody "for at least [twelve] months ending not more than [ninety] days" prior to the filing of the second amended petition in intervention. Even if it was error for the trial court to allow intervention based upon the original or first amended petition, it did not cause the rendition of an improper judgment as the Intervenors had standing to request intervention in the case of T.W. and J.W., and the cases of all the children were

consolidated. TEX. R. APP. P. 44.1(a). Additionally, the evidence supporting the trial court's judgment was the same as to all three children.

We overrule the first issues raised by Mother and Father.

**Issue Two**

Mother and Father argue that the Texas Supreme Court did not have the authority to extend the dismissal deadline of section 263.401, and, thus, the trial court lacked jurisdiction to enter an order of termination. Specifically, Mother and Father argue that the Supreme Court's emergency orders violate the separation of powers doctrine of the Texas Constitution.[3] Mother and Father do not otherwise question the validity of the extensions of the deadlines.

AUTHORITY

We review the constitutionality of a statute de novo, beginning with the presumption that the statute is constitutional. *See* TEX. GOV'T CODE ANN. § 311.021(1); *see also Stockton v. Offenbach*, 336 S.W.3d 610, 614-15 (Tex. 2011).

Rule 33.1 of the Rules of Appellate Procedure Provides:

(a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to

---

[3] Mother and Father also make reference to the United States Constitution. To the extent this is a separate ground for their second issues, we determine it is not adequately briefed. *See* TEX. R. APP. P. 38.1.

make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

DISCUSSION

The record does not reflect that either Mother or Father made an objection in the trial court regarding the alleged violation of separation of powers due to the Supreme Court's emergency orders regarding the COVID-19 pandemic. Additionally, as noted, Mother's motion for continuance used the Supreme Court's Twenty-Ninth Emergency Order and the rise in COVID-19 cases as the basis for relief.

Even constitutional complaints can be waived absent a timely objection. *See Zorrilla v. Aypco Construction II, LLC*, 469 S.W.3d 143, 155 n.10 (Tex. 2015) (complaint on appeal must comport with complaint presented to trial court including complaints of constitutional violations); *see also In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003); *In re S.A.S.*, 200 S.W.3d 823, 826 (Tex. App.—Beaumont 2006, pet. denied).

We overrule Mother's and Father's second issues as they were not preserved for appellate review. TEX. R. APP. P. 33.1.

## Conclusion

Having overruled the issues raised by Mother and Father, we affirm the judgment of the trial court.

We deny as moot the Request for Rule 34.5(d) Instruction filed by Mother and Father on September 12, 2002 as a supplemental record was filed by the district clerk.[4]

MATT JOHNSON
Justice

Before Chief Justice Gray,*
     Justice Johnson, and
     Justice Smith
Affirmed on rehearing; motion denied
Opinion delivered and filed December 21, 2022
[CV06]

(*Chief Justice Gray would request a response with an eye towards addressing appellants' arguments about the trial court's jurisdiction. As arguments about the trial court's jurisdiction, these arguments may not be subject to the traditional rules regarding preservation. Accordingly, Chief Justice Gray respectfully dissents from the denial of the motion for rehearing.)



---

[4] We grant Appellants' Joint Motion to Extend Time to File Appellants' Motion for Rehearing.